FERNANDO ALVAREZ, Petitioner and Appellee, *v.* LINO GARCÍA, MAYOR OF ISABELA, ET AL., Respondents and Appellants.

No. 5853.   Argued November 16, 1931.—Decided November 20, 1931.

*Bolívar Pagán* for appellants.   *V. M. Fernández* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In this case the appellee has moved for a dismissal of the appeal on the ground, among others, that it is frivolous.

On April 27, 1931, the appellee instituted in the District Court of Aguadilla a mandamus proceeding to compel the Municipal Assembly and the Mayor of Isabela to include in the regular budget for the fiscal year 1931–32 an appropriation for the payment of a claim which he owns against said municipality. The respondents in their answer admitted that said claim had been upheld by a final judgment in favor of Manuel Tous Soto, and at the hearing of the petition they admitted, as stated by the lower court, that the claim had been assigned to the appellee, who advised the respondents of such assignment, and that respondents had been requested by the assignee, on March 11 and April 4, 1931, to appropriate funds for the payment of the indebtedness in the regular budget. On May 28, 1931, the district court directed said

respondents to include an appropriation in the budget, as requested; and thereupon the present appeal was taken.

Section 42 of the Municipal Act of 1928 (Session Laws, p. 370) provides as follows:

"Section 42.—The municipalities shall not appropriate in the'r budget any sum for the payment of salaries without having first made, in their order, the necessary appropriations for the follow:ng obligations:

"(a) Indebtedness on account of principal and interest due or to become due within the fiscal year for which the budget is framed, for the redemption of which no special funds are provided, through a special tax;

"*          *          *          *          *          *          *"

These provisions show that it is a duty imposed by law on the municipalities, to appropriate in their budgets funds for any debts which they may owe, without allowing any discretion to refrain from so doing, and hence mandamus will lie to compel them to perform such duty. As it was not alleged in the case at bar that special funds had been provided for the payment of the assigned claim, through a special tax, which is the only exception set forth in the statutory provisions above transcribed, it clearly appears that this appeal is frivolous and must be dismissed.